1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                   EASTERN DISTRICT OF WASHINGTON

7

8  HOLLY SCHMEHL,                        Case No:   2:18-CV-0157-TOR

                        Plaintiff,

9                                         ORDER GRANTING IN PART
                                          DEFENDANTS' MOTION FOR
      v.
                                          PARTIAL SUMMARY JUDGMENT
10                                        RE: FLSA DAMAGES
   SPOKANE COUNTY and RICHARD
11  LELAND, in his personal capacity,

12                      Defendants.

13

14        BEFORE THE COURT is Defendants Spokane County and Richard

15  Leland's Motion for Partial Summary Judgment (ECF No. 10).   The Motion was

16  submitted without a request for oral argument.  In the Motion, Defendants request

17  the Court enter partial summary judgment on the issue of damages available under

18  the Fair Labor Standards Act for a violation of 29 U.S.C. § 207(r).  As discussed

19  below, the Motion (ECF No. 10) is **granted in part**.

20


ORDER GRANTING IN PART DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: FLSA DAMAGES ~ 1

1    Plaintiff Holly Schmehl is asserting a Fair Labor Standards Act claim based

2  on an alleged violation of 29 U.S.C. § 207(r).  ECF No. 1-1 at 7.  Section 207(r)

3  requires employers to provide (1) a reasonable break time to express breast milk

4  for 1 year after the child's birth and (2) a place, other than a bathroom, that is

5  shielded from view and free from intrusion from coworkers and the public which

6  may be used for such.  Section 207(r)(2) provides that an employer shall not be

7  required to compensate an employee for the break.  The "Penalties" provision of

8  the FLSA, 29 U.S.C. § 216, provides in relevant part:

9          Any employer who violates the provisions of section 206 or section 207 of
         this title shall be liable to the employee or employees affected in the amount
10        of their unpaid minimum wages, or their unpaid overtime compensation, as
         the case may be, and in an additional equal amount as liquidated damages.

11
                                          * * *
12
         The court in such action shall, in addition to any judgment awarded to the
13        plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the
         defendant, and costs of the action.
14

15  29 U.S.C. § 216(b).

16        Defendants request the Court enter an Order holding that "damages [] that

17  can be recovered by Plaintiff [] under her [FLSA claim, 29 U.S.C. § 207(r)] are

18  limited to (1) unpaid minimum wages, and (2) unpaid overtime compensation."

19  ECF No. 10 at 1.  Plaintiff filed a Reply, conceding: "Defendants are correct that

20  damages [for the FLSA claim] are limited to the amount of Ms. Schmehls' unpaid

ORDER GRANTING IN PART DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: FLSA DAMAGES ~ 2

wages, including any unpaid overtime, and attorney's fees and costs." ECF No. 12 at 1. Defendants filed a Reply clarifying "unpaid minimum wages" are recoverable, as opposed to "unpaid wages." ECF No. 13 at 2-3. Defendants also contend the issue of attorney's fees is not yet before the Court. ECF No. 13 at 3.

Title 29 U.S.C. § 216, unambiguously states that an employer is liable to the employee for "unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." The statute further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216. As such, the Court finds that 29 U.S.C. § 216 provides an employee the following remedies for a violation of 29 U.S.C. § 207(r): (1) "unpaid minimum wages, or their unpaid overtime compensation, as the case may be," plus, (2) liquidated damages equal to this amount, and (3) "a reasonable attorney's fee" and costs. Given Plaintiff's concession, Plaintiff is limited to these remedies under her FLSA cause of action.[1]

---

[1]    In 2010, Congress amended the FLSA to include 29 U.S.C. § 207(r), but Congress did not amend 29 U.S.C. § 216 at that time. *See* Patient Protection and Affordable Care Act, PL 111-148, March 23, 2010, 124 Stat. 119 at 577-578. This left what seems to be an accidental result as expressed by the Department of Labor:

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants Spokane County and Richard Leland's Motion for Partial

Summary Judgment (ECF No. 10) is **GRANTED IN PART**.

The District Court Executive is directed to enter this Order and furnish

copies to the parties.

**DATED** January 11, 2019.



THOMAS O. RICE
Chief United States District Judge

---

"Because employers are not required to compensate employees for break time to

express breast milk, in most circumstances there will not be any unpaid minimum

wage or overtime compensation associated with the failure to provide such

breaks." *See Reasonable Break Time for Nursing Mothers*, 75 FR 80073-01. This

has led at least one court to label Section 207(r) as "toothless". *See Hicks v. City of*

*Tuscaloosa*, 2015 WL 6123209, at *28 (N.D. Ala. Oct. 19, 2015). Other statutes

may fill that gap. *See e.g., Mayer v. Prof'l Ambulance*, LLC, 211 F. Supp. 3d 408,

416 (D.R.I. 2016); *Clark v. City of Tucson*, 2018 WL 1942771 (D. Ariz. Apr. 25,

2018).