UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HOLLY SCHMEHL,<br><br>               Plaintiff,<br><br>   v.<br><br>SPOKANE COUNTY and<br>RICHARD LELAND, in his personal<br>capacity,<br><br>               Defendants. | NO. 2:18-CV-0157-TOR<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION FOR SUMMARY<br>JUDGMENT |

BEFORE THE COURT is Defendants' Motion for Summary Judgment (ECF No. 39).  This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed.  For the reasons discussed below, Defendants' Motion for Summary Judgment (ECF No. 39) is **GRANTED**.

## BACKGROUND

This case concerns accommodations made for a Spokane County employee to express breast milk during her breaks.  Defendants seek summary judgment on

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 1

1    all of Plaintiff's claims.  ECF No. 39.  The parties timely filed their respective

2    response and reply.  ECF Nos. 60-61.  Except where noted, the following facts are

3    not in dispute.

4         Plaintiff Holly Schmehl is a resident of Spokane County, Washington.  ECF

5    No. 40 at 1, ¶ 1.  From September 2013 to September 2016, Plaintiff was employed

6    as an Accounting Technician 2 and backup supervisor at the Spokane County Civil

7    and Small Claims Clerk's Office.  ECF No. 40 at 2, ¶ 3.  Plaintiff primarily worked

8    in the Broadway Center Building.  ECF No. 40 at 2, ¶ 4.

9         Defendant Spokane County has more than fifty employees.  ECF No. 40 at

10   2, ¶ 2.  Defendant Richard Leland has been employed by Defendant Spokane

11   County as a District Court judge since June 2013.  ECF No. 40 at 2, ¶ 5.  Between

12   November 2015 and December 2016, Judge Leland was a civil department judge

13   located at the Broadway Center Building.  ECF No. 40 at 2, ¶ 6.

14        On June 8, 2016, Plaintiff returned to work following her maternity leave.

15   ECF No. 40 at 2, ¶ 7.  Plaintiff was given access to a jury room in the civil

16   department to express breast milk on her breaks.  ECF No. 40 at 4, ¶ 16.  The jury

17   room had a lock and sign on the door that informed possible entrants that the room

18   was in use.  ECF No. 40 at 4, ¶ 19.  Prior to Plaintiff's return from maternity leave,

19   Judge Leland designated this jury room from employee-only to mixed public use

20   so that *pro tem* judges and others could also use this room.  ECF No. 58 at 6, ¶ 11,

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 2

10, ¶ 19.  When Plaintiff worked in the Public Safety Building, she was directed to pump breast milk in a manager's office where there were privacy issues due to a gap/crack in the doorway and ground level windows.  ECF No. 58 at 10, ¶ 16. Plaintiff's supervisor, Ms. Wentz, would generally accompany Plaintiff to ensure she had no issues accessing a private room.  ECF No. 40 at 7, ¶ 29; ECF No. 58 at 8, ¶ 16.  However, Ms. Wentz was not always present.  ECF No. 58 at 12, ¶ 29.

On June 9, 2016, after furniture was moved around in the jury room that was set for Plaintiff's use, Ms. Wentz sent an email asking Spokane County employees not to move anything.  ECF No. 42-1 at 57-59.

On June 23, 2016, Plaintiff entered the jury room for her break and found *Pro Tem* Judge Tim Durkop working with clients.  ECF No. 40 at 5, ¶ 24.  Plaintiff informed Mr. Durkop that she needed the room and he responded that he would need the room for another five minutes.  ECF No. 40 at 5, ¶ 24.  Plaintiff repeated her request for him to leave immediately and Mr. Durkop questioned why to which Plaintiff responded "because I have to pump, Tim."  ECF No. 40 at 5-6, ¶ 24.  Mr. Durkop then left the room visibly embarrassed.  ECF No. 40 at 6, ¶ 24.

On June 28, 2016, Judge Leland emailed Spokane County employee Barbie Folden asking to use a conference room in the Mental Health Department because "she needs an accommodation as to nursing or something."  ECF No. 42-1 at 81; ECF No. 40 at 6, ¶¶ 25-26.  Ms. Folden agreed to allow Plaintiff to use the

1   conference room but stated "[i]f we absolutely need in the room to get a file, I'll

2   knock and she can let us in." ECF No. 58 at 11, ¶ 25. Ms. Wentz followed up with

3   a reminder that Plaintiff would be "unable to open the door since she will be busy"

4   and indicated that Judge Leland and Court Administrator John Witter would be the

5   points of contact if there were any issues. ECF No. 42-1 at 79-80. Mr. Witter

6   reiterated to Ms. Folden that Plaintiff "cannot be disturbed." ECF No. 42-1 at 79-

7   80. However, once when Plaintiff was expressing breast milk in the Mental Health

8   room, Ms. Folden used a key to let herself into the room when Plaintiff had just

9   donned her blouse. ECF No. 40 at 6, ¶ 27; ECF No. 58 at 11, ¶ 26; ECF No. 42-1

10   at 41. Plaintiff notified Sherri Hanson and John Witter about this incident. ECF

11   No. 40 at 7, ¶ 27.

12       On August 25, 2016, Ms. Wentz and Judge Leland corresponded via email

13   regarding the jury room; Judge Leland wanted the room to look more professional

14   and provide easy access to volunteer lawyers on Friday mornings. ECF No. 40 at

15   7, ¶ 31. Ms. Wentz indicated she would find alternative arrangements for Plaintiff

16   so her pumping accommodation would not be disrupted. ECF No. 40 at 7, ¶ 31.

17       On August 26, 2016, Plaintiff emailed Human Resources requesting help

18   with her perceived violations regarding her accommodations to express breast

19   milk. ECF No. 40 at 8, ¶ 32. Plaintiff experienced several issues, including delays

20   and intrusions by employees and third parties and moved furniture from her

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 4

pumping station.  ECF No. 58 at 9-10, ¶¶ 16-18.  Delays in accessing the room would cause Plaintiff physical pain and early breast milk release.  ECF No. 58 at 9, ¶ 16.  Additionally, Plaintiff complained of Judge Leland's questioning whether [Plaintiff] "would rather be home with [her] child."  ECF No. 58 at 4, ¶ 10, at 8, ¶ 15.

Each time Plaintiff made a complaint or addressed a concern to her supervisor, Clerk of Court, Court Administrator, or Human Resources, she was told "I'm sorry.  The final decision [regarding Plaintiff's break-time pumping accommodations] is made by the judge.  There's nothing we can do; he is an elected official."  ECF No. 58 at 5, ¶ 10.  Plaintiff's supervisor and Human Resources reiterated "that [Judge Leland] was a judge and in the end there was nothing that they could do, so he still had an impact on [Plaintiff's] position even if [she] was in the Public Safety Building."  ECF No. 58 at 5-6, ¶ 10.  Human Resources Manager Cathy Malzahn met with Judge Leland to discuss how to alleviate Plaintiff's concerns with privacy.  ECF No. 40 at 8, ¶ 33.

On September 2, 2016, Mr. Witter instructed Ms. Wentz to create a new laminated sign for the jury room door that stated "ROOM IN USE.  Please do not knock or attempt to enter.  If any questions please contact Presiding Judge Patti Connolly Walker at 509.477.2997 or Court Administrator John Witter at

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 5

509.477.2942." ECF No. 40 at 8, ¶ 34. Judge Leland approved the sign's use. ECF No. 58 at 14, ¶ 34.

On September 16, 2016, Plaintiff returned from a 10-day vacation and used the jury room to pump on her break. ECF No. 40 at 9, ¶ 36. While Plaintiff was pumping, *Pro Tem* Judge Tim Durkop attempted to enter the locked jury room by rattling the door knob. ECF No. 40 at 9, ¶ 36. Plaintiff reported this incident to Ms. Malzahn, Ms. Kvokov, Ms. Hansen, and Ms. Wentz. ECF No. 40 at 9, ¶ 36. Ms. Malzahn discussed the incident with Judge Durkop and his supervisor, instructing him not to knock when the sign was up and stated that she did not want to have to tell him again. ECF No. 40 at 9, ¶ 36. Afterwards, Ms. Malzahn emailed Judge Leland to inform him of the situation. ECF No. 40 at 9, ¶ 37. The email stated:

> There was another incident this morning involving the break/conference [jury] room on the second floor.
>
> We had discussed that lawyers would need to use the other courtroom to discuss their cases when the room was in use. Will you please remind attorneys that no one is to attempt to enter the break/conference [jury] room when that sign is posted on the door.
>
> Most concerning is we have an extremely upset employee. I met with her after this event and she is visibly upset and will probably be heading home for the rest of the day.

ECF No. 58 at 15, ¶ 38. Judge Leland responded that "[t]his will be appropriately addressed." ECF No. 40 at 9, ¶ 38.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 6

1    On September 19, 2016, Plaintiff notified Ms. Hansen that she was resigning

2    immediately.  ECF No. 40 at 10, ¶ 39.  Ms. Hansen offered Plaintiff a position in

3    the Public Safety Building for either two weeks so Plaintiff could give notice or for

4    a new permanent position and an accommodation to use Ms. Hansen's or Mr.

5    Witter's office to pump.  ECF No. 40 at 10, ¶ 39.  Plaintiff declined these

6    alternative arrangements because she would lose her higher pay with the back up

7    supervisory position, the privacy issue with pumping would not be solved, her milk

8    supply was considerably less while she was working and she was unwilling to deal

9    with further supply disruption, the pumping accommodations would still impede

10   court business, and the alternative suggestions would have required Plaintiff to

11   work with Judge Leland in some capacity.  ECF No. 58 at 15-16, ¶ 39.  Upon her

12   resignation, Plaintiff drafted a complaint regarding Judge Durkop's attempted

13   intrusion.  ECF No. 40 at 10, ¶ 40.  Plaintiff described the actions taken by

14   Spokane County and Judge Leland, stating that she was "not given [her] space to

15   express milk that is available when I need it and free from any intrusion …. I

16   cannot continue to work for Spokane District Court if I want to continue nursing

17   my child."  ECF No. 58 at 17, ¶ 40.

18   Following the voluntary resignation, Plaintiff has not claimed unpaid wages

19   or overtime compensation.  ECF No. 40 at 10, ¶ 41.  Plaintiff has not offered

20   evidence in the form of medical records or expert testimony to support that she

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 7

1  experienced emotional distress.  ECF No. 40 at 10-11, ¶¶ 42-43.  Additionally,

2  Plaintiff has not offered evidence by way of records or expert testimony of any

3  diagnosis of a difficulty to lactate or medical condition that was caused or

4  exacerbated by the events alleged in the Complaint.  ECF No. 40 at 11, ¶¶ 43-44.

5  ## DISCUSSION

6  **A.  Summary Judgment Standard**

7          The Court may grant summary judgment in favor of a moving party who

8  demonstrates "that there is no genuine dispute as to any material fact and that the

9  movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In ruling

10  on a motion for summary judgment, the court must only consider admissible

11  evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).  The

12  party moving for summary judgment bears the initial burden of showing the

13  absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S.

14  317, 323 (1986).  The burden then shifts to the non-moving party to identify

15  specific facts showing there is a genuine issue of material fact.  *See Anderson v.*

16  *Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The mere existence of a scintilla

17  of evidence in support of the plaintiff's position will be insufficient; there must be

18  evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 252.

19          For purposes of summary judgment, a fact is "material" if it might affect the

20  outcome of the suit under the governing law.  *Id.* at 248.  Further, a dispute is

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 8

1    "genuine" only where the evidence is such that a reasonable jury could find in

2    favor of the non-moving party.  *Id.*  The Court views the facts, and all rational

3    inferences therefrom, in the light most favorable to the non-moving party.  *Scott v.*

4    *Harris*, 550 U.S. 372, 378 (2007).  Summary judgment will thus be granted

5    "against a party who fails to make a showing sufficient to establish the existence of

6    an element essential to that party's case, and on which that party will bear the

7    burden of proof at trial."  *Celotex*, 477 U.S. at 322.

8    **B.  FLSA Claim**

9    *1.  Individual Employer Liability*

10        Defendants seek to dismiss Defendant Richard Leland on the grounds that he

11    is not an "employer" under the Fair Labor Standards Act ("FLSA").  ECF No. 39

12    at 6.  Plaintiff disputes Defendants' characterization of Judge Leland's

13    involvement, arguing that he had authority and control over Plaintiff's

14    accommodations and work.  ECF No. 60 at 1-3.

15        Whether a party is a "joint employer" under the FLSA is a question of law.

16    *Torres-Lopez v. May*, 111 F.3d 633, 638 (9th Cir. 1997).  Under the FLSA, an

17    "employer" is defined as "any person acting directly or indirectly in the interest of

18    an employer in relation to an employee and includes a public agency, but does not

19    include any labor organization (other than when acting as an employer) or anyone

20    acting in the capacity of officer or agent of such labor organization."  29 U.S.C.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 9

§ 203(d).  "[T]he definition of 'employer' under the FLSA is not limited by the common law concept of 'employer,' but 'is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes.'"  *Lambert v. Ackerley*, 180 F.3d 997, 1011-12 (9th Cir. 1999) (internal citation omitted).  "Where an individual exercises 'control over the nature and structure of the employment relationship,' or 'economic control' over the relationship, that individual is an employer within the meaning of the [FLSA]."  *Id.* at 1012.

To determine whether an individual is an employer under the FLSA, the Ninth Circuit applies a four-factor "economic reality" test that considers "[w]hether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983), *overruled on other grounds by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 539 (1985).  However, these four factors are merely guidelines.  *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1324 (9th Cir. 1991).  Thus, the Court must look to the totality of the circumstances in assessing whether the economic reality test is satisfied.  *Hale v. State of Ariz.*, 993 F.2d 1387, 1394 (9th Cir. 1993), *abrogation recognized on other grounds by Walden v. Nevada*, 945 F.3d 1088, 1094 (9th Cir. 2019); *see also Torres-Lopez v.*

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 10

*May*, 111 F.3d at 639.

Here, Plaintiff describes Judge Leland's authority and control over Plaintiff, arguing that Judge Leland (1) managed the civil department and worked on the same floor as Plaintiff, (2) worked with human resources and had the "final say" regarding Plaintiff's accommodations, (3) determined the use, arrangement, and access to the rooms used for Plaintiff's accommodations, (4) determined the work hours of the entire staff at the Civil Clerks Department at the Broadway Center Building, (5) assigned Plaintiff work, and (6) was made a "point of contact" for Plaintiff's accommodation. ECF No. 60 at 2.

Defendants dispute that any of Judge Leland's actions satisfy any of the four factors set forth in *Bonnette*. ECF No. 61 at 2. Defendants allege that Judge Leland did not supervise Plaintiff, did not have input regarding Plaintiff's performance, had no authority over Clerk's Office employee work hours, was not involved in setting Plaintiff's compensation, did not interact with Plaintiff or other Clerk's Office employees, was not the point of contact for problems in the Clerk's Office, and had no in-person conversations with Plaintiff regarding her accommodations. ECF No. 40 at 3-4, ¶¶ 10-15.

The Court declines to adopt Defendants' strict interpretation of "employer" as the factors are only guidelines. *Gilbreath*, 931 F.2d at 1324; *Torres-Lopez v. May*, 111 F.3d at 642-43 ("exercised significant control over . . . working

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 11

conditions" and "substantial degree of supervision over the work performed";

"indirect control as well as direct control can demonstrate a joint employment

relationship").  For the reasons set forth by Plaintiff above, Judge Leland's level of

authority over Plaintiff's work and accommodations demonstrates control over the

nature and structure of Plaintiff's employment under the totality of the

circumstances.  Therefore, Judge Leland acted as a "joint employer" under the

FLSA.

However, as discussed below, Plaintiff's failure to claim statutory damages

is fatal to her FLSA claim.

### 2.  FLSA Damages

Defendants seek summary judgment on Plaintiff's claim that she was not

provided a reasonable break time to express breast milk on the grounds that she

fails to establish damages and alternatively that sufficient accommodations were

provided.  ECF No. 39 at 9-13.  Plaintiff now argues that she is seeking nominal

damages and can establish that sufficient accommodations were not provided.

ECF No. 60 at 8-12.

As stated in the Court's prior order, statutory remedies for a § 207(r) (room

to express breast milk) violation are (1) "unpaid minimum wages, or their unpaid

overtime compensation, as the case may be," plus, (2) liquidated damages equal to

this amount, and (3) "a reasonable attorney's fee" and costs."  ECF No. 14 at 3

(quoting 29 U.S.C. § 216).  Courts who have addressed FLSA damages under § 207(r) have dismissed claims where the plaintiff did not claim any of these statutory damages.  *See Lampkins v. Mitra*, 16-647-CFC, 2019 WL 2357444 (D. Del. 2019) (collecting cases).

Plaintiff now claims nominal damages but fails to cite to any authority that recognizes such damages under the FLSA.  ECF No. 60 at 11.  Nominal damages are available to plaintiffs enforcing constitutional or statutory civil rights who lack proof of actual injury.  *See Farrar v. Hobby*, 509 U.S. 103, 112 (1992); *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986) ("Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.").

Here, Plaintiff's constitutional and civil rights are not at issue where she pleads a statutory injury under the FLSA.  Where Plaintiff is limited to the statutory remedies for unpaid wages or overtime compensation and failed to provide evidence of the same, summary judgment on Plaintiff's FLSA claim is appropriate.  Therefore, the Court need not address the substantive allegations regarding Plaintiff's access to a room to express breast milk that was shielded from view and free from intrusion from coworkers and the public.

//

//

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 13

## C. Negligence

Defendants seek to dismiss Plaintiff's negligence claim on the grounds that "the County did not breach its duty because there is no duty to do anything under the [FLSA] statute other than to provide a space." ECF No. 39 at 13. Plaintiff argues that both Defendants "were negligent in failing to provide intrusion-free opportunity for [Plaintiff] to express breast milk at work." ECF No. 60 at 13. With only state law claims remaining, the Court turns to the issue of supplemental jurisdiction.

Supplemental jurisdiction may be raised by the parties or *sua sponte* by the Court. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc). A federal court has supplemental jurisdiction over pendent state law claims to the extent they are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy…." 28 U.S.C. § 1367(A). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (internal citation omitted).

Once the court acquires supplemental jurisdiction over state law claims, the court may decline to exercise jurisdiction under several circumstances, including where "the district court has dismissed all claims over which it has original

jurisdiction." 28 U.S.C. § 1367(c)(3).  "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors … will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded on other grounds by statute as stated in Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010).  "[D]istrict courts may decline to exercise jurisdiction over supplemental state law claims in the interest of judicial economy, convenience, fairness and comity."  *Smith v. Lenches*, 263 F.3d 972, 977 (9th Cir. 2001) (citing *City of Chicago v Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997)).

Here, the Court determined that Defendants are entitled to summary judgment on Plaintiff's only federal claim over which the Court had original jurisdiction; this triggers the discretion to decline supplemental jurisdiction.  The negligence claim based on Washington law would be better addressed in state court.[1]  The parties will not be overly inconvenienced where this case is at the summary judgment stage and the parties' completed briefing can be utilized if Plaintiff chooses to refile in state court.  Further, in fairness to Plaintiff, the period

---

[1]     While not briefed by the parties, the Court expresses serious doubt that the FLSA, a federal statute, creates a parallel state duty which can be remedied through a state negligence claim.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 15

of limitation for Plaintiff's remaining state law claims is tolled for thirty days after the claims are dismissed unless Washington law provides for a longer tolling period.  *See* 28 U.S.C. § 1367(d).  For these reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's negligence claim.

**D. Negligent Infliction of Emotional Distress**

Defendants seek to dismiss Plaintiff's claim for Negligent Infliction of Emotional Distress on the grounds that she cannot establish duty, breach, or objective symptomatology.  ECF No. 39 at 16.  Plaintiff concedes that this claim should be dismissed as she did not seek medical attention.  ECF No. 60 at 15.  Therefore, summary judgment is appropriate on this claim.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Defendants' Motion for Summary Judgment (ECF No. 39) is **GRANTED**.  This matter is **DISMISSED** with prejudice except the state law negligence claim is **DISMISSED** without prejudice.

2.  Defendants' Motion in Limine (ECF No. 35) is **DENIED as moot**.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

**DATED** December 2, 2020.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 16